**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JACOBS VEHICLE SYSTEMS, INC. ) | |
| ) | Civil Action No.: 3:15cv350 |
| Plaintiff, ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| FCA US LLC, ) | MARCH 9, 2015 |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Jacobs Vehicle Systems, Inc. ("JVS"), by and through its attorneys, Day Pitney

LLP, for its Complaint against defendant FCA US LLC, formerly known as Chrysler Group,

LLC ("Chrysler"), for patent infringement, hereby alleges as follows:

### The Parties

1.      Plaintiff JVS is a Delaware Corporation with its principal place of business at 22

East Dudley Town Road, Bloomfield, Connecticut 06002.

2.      Upon information and belief, Defendant Chrysler is a Delaware Corporation with

its principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan, 48326.  Chrysler

is in the business of making, selling and servicing automobiles.

### Jurisdiction and Venue

3.      This Court has original jurisdiction over the subject matter of this action under 28

U.S.C. § 1338(a) because this action arises under the patent laws of the United States, including

35 U.S.C. § 271.

4. Chrysler is subject to personal jurisdiction in this district because, among other reasons, Chrysler has committed acts of direct and/or indirect infringement of one or more claims of the Asserted Patents in this district.

5. Venue in this district is proper under 28 U.S.C. §§ 1391(b)(2), 1391(c), and 1400(b) because Chrysler is subject to personal jurisdiction in this district and has committed acts of patent infringement in this district.

## Nature of the Action

6. JVS's claims arise out of Chrysler's willful patent infringement of at least the following United States Patents, (collectively, "the Asserted Patents");

a. United States Patent No. 5,829,397 ("the '397 Patent"), entitled "System and Method for Controlling the Amount of Lost Motion Between an Engine Valve and a Valve Actuation Means," a copy of which is attached hereto as Exhibit A;

b. United States Patent No. 6,474,277 ("the '277 Patent"), entitled "Method and Apparatus for Valve Seating Velocity Control," a copy of which is attached hereto as Exhibit B;

c. United States Patent No. 6,883,492 ("the '492 Patent"), entitled "Compact Lost Motion System for Variable Valve Actuation," a copy of which is attached hereto as Exhibit C;

d. United States Patent No. 7,059,282 ("the '282 Patent"), entitled "Variable Lost Motion Valve Actuator and Method," a copy of which is attached hereto as Exhibit D;

-2-

e.      United States Patent No. 8,776,738 ("the '738 Patent"), entitled "Variable Lost Motion Valve Actuator and Method," a copy of which is attached hereto as Exhibit E; and

f.      United States Patent No. 8,820,276 ("the '276 Patent"), entitled "Variable Lost Motion Valve Actuator and Method" a copy of which is attached hereto as Exhibit F.

## Factual Background

7.      Since its founding in 1960, JVS has researched, designed, manufactured, sold and supported commercial vehicle retarding and valve actuation technologies for engine manufacturers in the United States, Asia and Europe.  JVS is a well-established industry innovator and leader in engine component manufacturing, trusted by the world's best known engine manufacturing brands.

8.      JVS's engine component products are groundbreaking and well-recognized around the world.  Additional information about JVS is available on its website: http://www.jacobsvehiclesystems.com/.

9.      To protect its investments, JVS has sought patent protection, and owns many patents and patent applications, including the Asserted Patents.

10.      JVS owns by assignment the entire right, title, and interest in the '397 Patent.  The '397 Patent issued from U.S. Patent Application Serial No. 08/701,451, filed on August 22, 1996.  The '397 Patent remains in full force and effect.

11.      JVS owns by assignment the entire right, title, and interest in the '277 Patent.  The '277 Patent issued from U.S. Patent Application Serial No. 09/663,415, filed on September 15, 2000.  The '277 Patent remains in full force and effect.

12.     JVS owns by assignment the entire right, title, and interest in the '492 Patent.  The '492 Patent issued from U.S. Patent Application Serial No. 10/408,254, filed on April 8, 2003. The '492 Patent remains in full force and effect.

13.     JVS owns by assignment the entire right, title, and interest in the '282 Patent.  The '282 Patent issued from U.S. Patent Application Serial No. 10/251,748, filed on September 23, 2002.  The '282 Patent remains in full force and effect.

14.     JVS owns by assignment the entire right, title, and interest in the '738 Patent.  The '738 Patent issued from U.S. Patent Application Serial No. 14/139,308, filed on December 23, 2013.  The '738 Patent remains in full force and effect.

15.     JVS owns by assignment the entire right, title, and interest in the '276 Patent.  The '276 Patent issued from U.S. Patent Application Serial No. 13/021,531, filed on February 4, 2011.  The '276 Patent remains in full force and effect.

16.     JVS, therefore, has the sole right to bring this action for infringement of the Asserted Patents.

17.     Upon information and belief, Chrysler develops, manufacturers, markets, and sells products that practice the claims of the Asserted Patents.

<u>COUNT I</u>
**(Chrysler's Infringement of the '397 Patent)**

18.     JVS incorporates paragraphs 1-17 by reference as if fully alleged herein.

19.     Upon information and belief, Chrysler makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, engine components and automobiles containing them that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '397 Patent.  Such engine components include the

-4-

MultiAir variable valve actuation engine components.  Such automobiles include various models of the Dodge Dart, Jeep Cherokee, Chrysler 200, Fiat 500, Ram ProMaster City and Jeep Renegade with engines incorporating the infringing MultiAir variable valve actuation engine components.  These engines include, at least, the Fiat 1.4L MultiAir Fully Integrated Robotized Engine ("FIRE") and the Chrysler 2.4L Tigershark MultiAir Engine.

20.     Upon information and belief, Chrysler actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '397 Patent by making, using, offering for sale, importing, and/or selling MultiAir variable valve actuation engine components and automobiles with infringing engine components, all with knowledge of the '397 Patent and its claims.  Upon further information and belief, Chrysler has knowledge that its customers will use its products to infringe the claims of the '397 Patent, and knowledge and the specific intent to encourage and facilitate those infringing uses of its automobiles with the MultiAir variable valve actuation engine components through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials, such as those relating to, but not limited to, various models of the Dodge Dart, Jeep Cherokee, Chrysler 200, Fiat 500, Ram ProMaster City and Jeep Renegade.  The infringing MultiAir engine components are highly touted in promotional materials, including references to their role in improving engine power and torque while reducing fuel consumption. MultiAir technology infringes at least claim 32 of the '397 patent.

21.     Chrysler has had actual knowledge and notice of the '397 Patent since at least on or about April 25, 2014 by virtue of communications between JVS and Chrysler.  Despite this knowledge, it continues to commit tortious conduct by way of patent infringement.

22.     Chrysler's infringement of the '397 Patent is and has been willful.

-5-

23.     JVS is entitled to recover damages adequate to compensate it for Chrysler's infringement.

24.     JVS has suffered and will continue to suffer irreparable injuries unless Chrysler's infringement of the '397 Patent is enjoined.

### COUNT II
### (Chrysler's Infringement of the '277 Patent)

25.     JVS incorporates paragraphs 1-17 by reference as if fully alleged herein.

26.     Upon information and belief, Chrysler makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, engine components and automobiles containing them that directly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '277 Patent.  Such engine components include the MultiAir variable valve actuation engine components.  Such automobiles include various models of the Dodge Dart, Jeep Cherokee, Chrysler 200, Fiat 500, Ram ProMaster City and Jeep Renegade with engines incorporating the infringing MultiAir variable valve actuation engine components. These engines include, at least, the Fiat 1.4L MultiAir Fully Integrated Robotized Engine ("FIRE") and the Chrysler 2.4L Tigershark MultiAir Engine.

27.     Chrysler has had actual knowledge and notice of the '277 Patent since at least on or about April 25, 2014 by virtue of communications between JVS and Chrysler.  Despite this knowledge, it continues to commit tortious conduct by way of patent infringement.

28.     Chrysler's infringement of the '277 Patent is and has been willful.

29.     JVS is entitled to recover damages adequate to compensate it for Chrysler's infringement.

30.     JVS has suffered and will continue to suffer irreparable injuries unless Chrysler's infringement of the '277 Patent is enjoined.

### COUNT III
### (Chrysler's Infringement of the '492 Patent)

31.     JVS incorporates paragraphs 1-17 by reference as if fully alleged herein.

32.     Upon information and belief, Chrysler makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, engine components and automobiles containing them that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '492 Patent.  Such engine components include the MultiAir variable valve actuation engine components. Such automobiles include various models of the Dodge Dart, Jeep Cherokee, Chrysler 200, Fiat 500, Ram ProMaster City and Jeep Renegade with engines incorporating the infringing MultiAir variable valve actuation engine components.    These engines include, at least, the Fiat 1.4L MultiAir Fully Integrated Robotized Engine ("FIRE") and the Chrysler 2.4L Tigershark MultiAir Engine.

33.     Upon information and belief, Chrysler actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '492 Patent by making, using, offering for sale, importing, and/or selling MultiAir variable valve actuation engine components and automobiles with infringing engine components, all with knowledge of the '492 Patent and its claims. Upon further information and belief, Chrysler has knowledge that its customers will use its products to infringe the claims of the '492 Patent, and knowledge and the specific intent to encourage and facilitate those infringing uses of its automobiles with infringing engine components through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials, such as

those relating to, but not limited to, various models of the Dodge Dart, Jeep Cherokee, Chrysler 200, Fiat 500, Ram ProMaster City and Jeep Renegade.  The infringing MultiAir engine components are highly touted in promotional materials, including references to their role in improving engine power and torque while reducing fuel consumption.  MultiAir technology infringes at least claim 38 of the '492 patent.

34.     Chrysler has had actual knowledge and notice of the '492 Patent since at least on or about April 25, 2014 by virtue of communications between JVS and Chrysler.  Despite this knowledge, it continues to commit tortious conduct by way of patent infringement.

35.     Chrysler's infringement of the '492 Patent is and has been willful.

36.     JVS is entitled to recover damages adequate to compensate it for Chrysler's infringement.

37.     JVS has suffered and will continue to suffer irreparable injuries unless Chrysler's infringement of the '492 Patent is enjoined.

## COUNT IV
### (Chrysler's Infringement of the '282 Patent)

38.     JVS incorporates paragraphs 1-17 by reference as if fully alleged herein.

39.     Upon information and belief, Chrysler makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, engine components and automobiles containing them that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '282 Patent.  Such engine components include the MultiAir variable valve actuation engine components.  Such automobiles include various models of the Dodge Dart, Jeep Cherokee, Chrysler 200, Fiat 500, Ram ProMaster City and Jeep Renegade with engines incorporating the infringing MultiAir variable valve actuation engine

components.   These engines include, at least, the Fiat 1.4L MultiAir Fully Integrated Robotized Engine ("FIRE") and the Chrysler 2.4L Tigershark MultiAir Engine.

40.    Upon information and belief, Chrysler actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '282 Patent by making, using, offering for sale, importing, and/or selling MultiAir variable valve actuation engine components and/or automobiles with infringing engine components, all with knowledge of the '282 Patent and its claims.  Upon further information and belief, Chrysler has knowledge that its customers will use its products to infringe the claims of the '282 Patent, and knowledge and the specific intent to encourage and facilitate those infringing uses of its automobiles with infringing engine components through the creation and dissemination of promotional and marketing materials, including product manuals and technical materials, such as those relating to, but not limited to, various models of the Dodge Dart, Jeep Cherokee, Chrysler 200, Fiat 500, Ram ProMaster City and Jeep Renegade.  The infringing MultiAir engine components are highly touted in promotional materials, including references to their role in improving engine power and torque while reducing fuel consumption.  MultiAir technology infringes at least claims 1, 13, and 25 of the '282 Patent.

41.    Chrysler has had actual knowledge and notice of the '282 Patent since at least on or about April 25, 2014 by virtue of communications between JVS and Chrysler.  Despite this knowledge, it continues to commit tortious conduct by way of patent infringement.

42.    Chrysler's infringement of the '282 Patent is and has been willful.

43.    JVS is entitled to recover damages adequate to compensate it for Chrysler's infringement.

44.     JVS has suffered and will continue to suffer irreparable injuries unless Chrysler's infringement of the '282 Patent is enjoined.

## COUNT V
### (Chrysler's Infringement of the '738 Patent)

45.     JVS incorporates paragraphs 1-17 by reference as if fully alleged herein.

46.     Upon information and belief, Chrysler makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, engine components and automobiles containing them that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '738 Patent.  Such engine components include the MultiAir variable valve actuation engine components.  Such automobiles include various models of the Dodge Dart, Jeep Cherokee, Chrysler 200, Fiat 500, Ram ProMaster City and Jeep Renegade with engines incorporating the infringing MultiAir variable valve actuation engine components.  These engines include, at least, the Fiat 1.4L MultiAir Fully Integrated Robotized Engine ("FIRE") and the Chrysler 2.4L Tigershark MultiAir Engine.

47.     Chrysler has had actual knowledge and notice of the application from which the '738 Patent issued since at least on or about April 25, 2014 by virtue of communications between JVS and Chrysler.  Upon information and belief, Chrysler has had knowledge and notice of the '738 Patent since its date of issue, July 15, 2014.   Despite this knowledge, it continues to commit tortious conduct by way of patent infringement. Chrysler's infringement of the '738 Patent is and has been willful.

48.     JVS is entitled to recover damages adequate to compensate it for Chrysler's infringement.

49.     JVS has suffered and will continue to suffer irreparable injuries unless Chrysler's infringement of the '738 Patent is enjoined.

## COUNT VI
### (Chrysler's Infringement of the '276 Patent)

50.     JVS incorporates paragraphs 1-17 by reference as if fully alleged herein.

51.     Upon information and belief, Chrysler makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use, engine components and automobiles containing them that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '276 Patent. Such engine components include the MultiAir variable valve actuation engine components. Such automobiles include various models of the Dodge Dart, Jeep Cherokee, Chrysler 200, Fiat 500, Ram ProMaster City and Jeep Renegade with engines incorporating the infringing MultiAir variable valve actuation engine components. These engines include, at least, the Fiat 1.4L MultiAir Fully Integrated Robotized Engine ("FIRE") and the Chrysler 2.4L Tigershark MultiAir Engine.

52.     Chrysler has had actual knowledge and notice of the application from which the '276 Patent issued since at least on or about April 25, 2014 by virtue of communications between JVS and Chrysler. Upon information and belief, Chrysler has had actual knowledge and notice of the '276 Patent since its date of issue, September 2, 2014. Despite this knowledge, it continues to commit tortious conduct by way of patent infringement.

53.     Chrysler's infringement of the '276 Patent is and has been willful.

54.     JVS is entitled to recover damages adequate to compensate it for Chrysler's infringement.

55.     JVS has suffered and will continue to suffer irreparable injuries unless Chrysler's infringement of the '276 Patent is enjoined.

## Prayer for Relief

WHEREFORE, Jacobs Vehicle Systems, Inc. requests the following relief:

a)      A judgment that Chrysler has infringed and is infringing the '397 Patent;

b)      A judgment that Chrysler has infringed and is infringing the '277 Patent;

c)      A judgment that Chrysler has infringed and is infringing the '492 Patent;

d)      A judgment that Chrysler has infringed and is infringing the '282 Patent;

e)      A judgment that Chrysler has infringed and is infringing the '738 Patent;

f)      A judgment that Chrysler has infringed and is infringing the '276 Patent;

g)      An award of all appropriate damages under 35 U.S.C. § 284 for Chrysler's past infringement and any continuing or future infringement of the Asserted Patents;

h)      An order, pursuant to 35 U.S.C. § 283, enjoining Chrysler and all persons in active concert or participation with Chrysler from any further infringement of the Asserted Patents;

i)      An award of interest and costs;

j)      A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of JVS's reasonable attorneys' fees in prosecuting this action; and

k)      Such other and further relief at law or in equity as the Court deems just and proper.

## Jury Demand

Jacobs Vehicle Systems, Inc. hereby demands trial by jury on all claims and issues so triable.

-12-

Respectfully submitted,

Plaintiff,

JACOBS VEHICLE SYSTEMS, INC.,

By its attorneys,


/s/      Andrew Riddles
Andrew Riddles
Richard H. Brown
Day Pitney LLP
7 Times Square
New York, NY 10036
Tel: (212) 297-5800
Fax: (203) 202-3896
ariddles@daypitney.com
rbrown@daypitney.com

Jonathan B. Tropp
Cecilia Zhang Stiber
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901
Tel: (203) 977-7337
Fax: (203) 901-1733
jbtropp@daypitney.com
cstiber@daypitney.com


Eric TeVelde
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Tel: (860) 275-0144
Fax: (860) 881-2557
Email: etevelde@daypitney.com